### LYSANDER C. SHEPARD *vs.* THOMAS ASHLEY.

Evidence to prove that a person was a skilful carpenter and joiner ten years ago in Massachusetts, or to show the relative value of the labor of a good architect and an ordinary joiner, is incompetent for the purpose of proving the value of that person's recent labor in erecting a building in Illinois.

CHAPMAN, J. This action is brought by the plaintiff, who lives in Bloomington, Illinois, and has lived there some eight or ten years, to recover the value of his services for labor on the inside of a building which the defendant was erecting in that place. The only question which appears by the report to have been in issue between the parties was the value of those services. It was on this point that the plaintiff offered the evidence which was objected to respecting his character and skill while he lived in Westfield, and before he went to Illinois, and as to the comparative value of the services of a good architect and an ordinary joiner in this vicinity.

One of the elementary rules of evidence is, that it must be confined to the points in issue; and the reason of the rule is, that the attention of juries may not be distracted, nor the public time be consumed needlessly. 1 Phil. Ev. (6th Amer. ed.) 732.

Since the rule is known to be established, an additional reason for enforcing it is, that parties do not come prepared to meet evidence which is not relevant to the issue. Those who are familiar with the trial of causes know that the rule is of great

practical importance, and that evidence which raises collateral issues ought to be carefully excluded. The books contain multitudes of illustrations of the rule. Among the recent cases are *Murdock* v. *Mills*, 11 Met. 5; *Emerson* v. *Lowell Gas Co.* 3 Allen, 410; *Greene* v. *Washburn*, 7 Allen, 390; *Graves* v. *Jacobs*, 8 Allen, 141; *Hunt* v. *Lowell Gas Co.* Ib. 169; *Lincoln* v. *Taunton Copper Co.* 9 Allen, 18; *Dana* v. *Fiedler*, 12 N. Y. 40.

The plaintiff's evidence should have been limited to the value of such work at or about the time when it was done, and at or about the place where it was done; and neither his general character or capacity as a workman, nor the comparative value of the services of an architect and a joiner, were pertinent to the inquiry. The testimony which was objected to should hav been excluded. *Exceptions sustained.*

*W. G. Bates* & *M. B. Whitney*, for the defendant.

*H. B. Stevens*, for the plaintiff.